IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA ILENE ROACHE | ) | CASE NO.  3:10CV0538 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. KATZ |
| v. | ) | |
| | ) | |
| HURON VALLEY FINANCIAL, *e*t al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Jessica Ilene Roach brings this action against Defendants Huron Valley Financial ("HVF"), CitiMortgage Company, Inc. (Citi") and Lerner, Sampson and Rothfuss "LS&R"). Included in the Complaint, but not the caption, was Mortgage Electronics Registration Systems ("MERS"). Plaintiff alleges claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Securities Exchange Act,[1] as well as state claims for "fraud in the inducement, conspiracy, falsifying documents, breach of contract, fraudulent conversion, non-disclosure, misrepresentation, irregularity and defect in the foreclosure process." Complaint, pg. 7. She also requests "return of her promissory note and an extension to her redemption period, quiet title to her property and money damages." *Id*.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an

---

[1] The specific Act is not set forth.

action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds that some of the claims asserted in this action satisfies these criteria.

## HVF

Plaintiff's claims arise out of the ownership of property located in Hardin County, Ohio that appears to have been foreclosed causing her to be evicted as seen by her Motion to Stay Eviction Proceedings Pending Adjudication (ECF 3). She alleges that she executed a promissory note and gave a mortgage to HVF. Closing occurred on June 13, 2002. Plaintiff asserts that HVF did not provide closing documents as required by TILA, misrepresented the elements of the agreement, there was no bona fide signature on the promissory note, the copy of the promissory note was a forgery and an answer to a RESPA request was not provided. The Complaint contains many other violations allegedly committed by HVF. She asserts that HVF defrauded her and based upon this fraud is in violation of Federal Banking Law, 12 U.S.C. § 24(7).

Plaintiff seeks monetary damages based on alleged violations of TILA. In *Rust v. Quality Car Corral*, 614 F.2d 1118, 1119 (6th Cir.1980) the Sixth Circuit held that if a complaint is not filed within the time period prescribed by the TILA statute of limitations, a federal court has no jurisdiction to entertain it, and Federal Rules of Civil Procedure do not alter this fundamental premise. *See Golliday v. First Direct Mortg. Co., Inc.*, 2009 WL 5216141 * 4 (W.D. Mich., Dec. 29, 2009) (in addition to determining whether a complaint is frivolous or fails to state a claim upon

which relief can be granted, the court may dismiss TILA and RESPA actions on the basis of the running of the statute of limitations, when this defect is apparent on the face of the complaint). An action under TILA must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff states in her complaint that closing occurred on June 13, 2002. Therefore, her claims under the TILA are time barred. *El-Fil v. Countrywide Home Loans, Inc.*, 2009 WL 4946259 * 1 (E.D. Mich., Dec. 14, 2009). TILA allows a court to rescind a mortgage loan. But, according to the statute, the obligor's right of rescission expires three years after the date of the consummation of the transaction. 15 U.S.C. § 1635(f). A mortgage loan is deemed consummated at closing, which took place almost eighth years ago. *Id*.

The limitations period for violations of RESPA's disclosure requirements is three years. 12 U.S.C. § 2614. *Golliday*, 2009 WL 5216141 at * 6. Therefore, the RESPA claim is also barred.

Plaintiff contends that HVF took a unilateral non-negotiable instrument and turned it into a security contrary to Section 28 of Securities and Exchange Commission law.[2] Notes longer than nine months are not securities *per se. Developer's Mortg. Co. v. TransOhio Sav. Bank,* 706 F.Supp. 570, 580 (S.D.Ohio,1989). Mortgage-backed notes in the context of a loan transaction between a borrower and commercial or consumer lender, but not in the context of a transaction between an individual investor and a broker/dealer selling the notes on a mass market basis are not securities. *Mercer v. Jaffe, Snider, Raitt and Heuer, 736 F. Supp. 764, 769 (W.D. Mich., 1990).* Plaintiff has not alleged sufficient facts which suggest that the note at issue here resulted from anything other than a traditional loan transaction between a borrower and a lender. *McCain v. Wells Fargo Home Loans*, 2007 WL 4965465 * 3 (E.D. Mich., Nov. 26, 2007); *Rolo,* 845 F.Supp. at 242. There is no

---

[2] The exact statute is not cited.

explanation in the Complaint how a unilateral non-negotiable instrument was turned into a security. Conclusory statements may not be considered.

Plaintiff alleged that HVF defrauded her and is therefore in violation of Federal Banking Law 12 U.S.C. § 24(7). This statute merely sets forth the powers of a national bank. It does not define any particular violation. Thus, it cannot be the basis of a cause of action.

## MERS

Plaintiff contends that MERS was not the owner of the note at the time of the assignment of the mortgage through MERS to ABN Amro. According to Plaintiff, in order to prevail as an owner or holder of a note it must have possession. Plaintiff states that "if MERS could assign a mortgage that would make them culpable to their inadvertence to answer my RESPA request in which they did not answer... MERS with intent to defraud an agency of the United States made a false entry in a book, report or statement with intent to defraud such bank, agency or organization governed by or operating under Section 25 or 25(a) of the Federal Reserve Act and is guilty of damages. USC Title 18 § 1005."

Plaintiff is attempting to obtain damages under criminal law. Criminal laws create no private right of action in favor of individuals. *Thornton v. Rozen Const.*, 2010 WL 882824 * 2 (W.D. Mich., Mar. 8, 2010) (citing *Kashelkar v. Bluestone*, 306 Fed. App'x. 690, 692 (2d Cir. 2009) (federal mail fraud statute, 18 U.S.C. § 1341, does not create private right of action); *Official Publications, Inc. v. Kable News Co.,* 884 F.2d 664, 667 (2d Cir.1989) (same); *Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir.1997) (no private right of action for violation of federal mail and wire fraud statutes)). Federal law can only be enforced by federal prosecutors. *See Milgrom v. Burstein,* 374 F.Supp.2d 523, 529 (E.D. Ky., 2005).

4

Plaintiff also asserts that MERS violated Title 15 of the Banking Code. It is not clear what specific law is involved. She states that MERS is an electronic registration system and can only be equal to the server. If, so it would not be the owner of the note. MERS is an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans. "When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns). In the mortgage, the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee. When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer. As long as the parties involved in the sale are MERS members, MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note." *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F.Supp.2d 1368, 1370 (U.S.Jud.Pan.Mult.Lit., 2009).Under the MERS system, MERS would not be involved in the alleged fraud unless it held the note.

Plaintiff also asserts that if MERS could assign a mortgage it is liable for not answering her RESPA request. There is no information in the Complaint as to when she made a RESPA request. A claim, if any, may be barred by the statute of limitations as set forth above. Further, the content of the request was not inserted into the Complaint. Therefore, the Court is unable to determine whether a cause of action even exists under RESPA.

The Complaint contains no factual allegations that might allow the court to infer that MERS

is liable for any fraudulent conduct. Without specific facts, the Court cannot find a cause of action against MERS.

**Citi**

Plaintiff alleges that Citi did not correctly respond to her RESPA request, the foreclosed property did not sell for 2/3 of it appraised value, Citi is in the practice of servicing ultra vires contracts and is in violation of usury laws in that it charged interest on credit and not money in violation of Federal Banking Law § 24(7). Again, this statute merely sets forth the powers of a national bank. It does not define any particular violation and cannot be the basis of a cause of action. Plaintiff has not explained what contracts Citi has serviced without authority and has not set forth facts showing it charged interest on credit. Whether or not the property sold below the statutory requirement would be a matter of state law. There is no information in the complaint as to when she made a RESPA request. A claim, if any, may be barred by the statute of limitations as set forth above. Further, the content of the request was not inserted into the Complaint. Therefore, the Court is unable to determine whether a cause of action even exists under RESPA.

**LS&R**

Plaintiff alleges that LS&R's employees submitted a flawed assignment of mortgage to the Hardin County Recorders Office that was flawed in many respects. Thus, the Sheriff's sale was allegedly void. This claim would be a matter of state law which will be discussed below.

Also in her Complaint against LS&R, Plaintiff contends that it failed to validate the debt and suspend foreclosure proceedings according to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1192. 15 U.S.C. § 1692g(a)(3) provides:

> Within five days after the initial communication with a consumer in connection
> with the collection of any debt, a debt collector shall, unless the following

> information is contained in the initial communication or the consumer has paid
> the debt, send the consumer a written notice containing-
> (3) a statement that unless the consumer, within thirty days after receipt of the
> notice, disputes the validity of the debt, or any portion thereof, the debt will be
> assumed to be valid by the debt collector.

LS&R is a law firm located in Cincinnati, Ohio and is subject to the FDCPA if it can be considered a debt collector. The Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995). An attorney who is regularly engaged, directly and indirectly, in the collection of debts, is a debt collector under the FDCPA. *Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 438 (6th Cir.2008). *Gathing v. MERS, Inc.*, 2010 WL 889945 * 13 (W.D. Mich., Mar. 10, 2010). A question exists whether LS & R can be considered a debt collector. Therefore, LS & R must remain as a Defendant in this action.

## State Law Claims

Plaintiff included state law claims for "fraud in the inducement, conspiracy, falsifying documents, breach of contract, fraudulent conversion, non-disclosure, misrepresentation, irregularity and defect in the foreclosure process." and also requested "return of her promissory note and an extension to her redemption period, quiet title to her property and money damages." Complaint, pg. 7. The federal claims granting jurisdiction to this Court, with the exception of the FDCPA claim against LS&R, have been dismissed. LS&R was not involved in the loan or mortgage aspect of this case. The FDCPA claim involved LS&R's failure to validate the debt. The other Defendants did not participate in such alleged violation. However, Plaintiff, if successful on her claim against LS&R, could recover actual and statutory damages, costs and attorney fees. 15 U.S.C. § 1692k(a)..

Now that the Court has concluded that Plaintiff's federal law claims against HVF, MERS

and Citi are without merit, the Court must decide whether to exercise pendent party and supplemental jurisdiction over the state law claims. Pendent jurisdiction is a doctrine of discretion, not a right. *United Mine Worker v. Gibbs,* 383 U.S. 715, 726 (1966); *Lee v. Western Reserve Psychiatric Habilitation Center,* 747 F.2d 1062 (6th Cir.1984). It does not have to be utilized even though it exists. *Id.* Pendent claims may be heard if the federal claim is substantial, the state and federal claims arise out of a common nucleus of operative facts, and the plaintiff would ordinarily be expected to try the claims together. *Gibbs,* 383 U.S. 725, *Ferrari v. DaimlerChrysler Corp.*, WL 1007518 * 1 -2 (E.D. Mich., 2006). In addition to judicial economy and fairness to the litigants, other factors to consider are whether the state issues substantially predominate over federal issues "in terms of proof, the scope of the issues raised or the comprehensiveness of the remedy sought." *Gibbs,* 383 U.S. at 726, as well as whether the effect of hearing all of the claims and defenses of the parties would unduly complicate the case for the jury and the court. *Bradford v. General Telephone Co. of Michigan,* 618 F.Supp. 390 (W.D. Mich.1985); *St. Cyr v. Merrill Allor v. Amicon Corp.*, 631 F.Supp. 326, 332 -334 (E.D. Mich., 1986). Ferrari, 2006 WL 1007518 at * 1 -2.

      The FDCPA claim, the only federal claim remaining, is unsubstantial compared to the state claims. Most of the state law claims are not applicable to LS&R. The claims against the parties that were dismissed would most likely predominate the FDCPA claim and substantially expand the scope of this case beyond that necessary and relevant to the federal claim. Also, they could prolong pretrial practice, complicate the trial, lengthen the jury instructions, confuse the jury, and result in inconsistent verdicts. *Ferrari*, 2006 WL 1007518 at * 1 -2. Therefore, judicial economy, convenience, fairness, and comity persuade the Court against exercising supplemental jurisdiction in this case. *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173; (1997); *Carneie-*

*Mellon University v. Cohill,* 484 U.S. 343, 350 (1988); *Gibbs,* 383 U.S. at 726.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). The federal claims against Defendants HVF, Mers and Citi are dismissed. The FDCPA claim against LS&R remains. The Court declines to exercise supplemental jurisdiction over the state law claims. Those claims are also dismissed. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the remaining Defendant, LS&R.

IT IS SO ORDERED**.**

Date: May 5, 2010                  **/s/ David A. Katz**
                                                        JUDGE DAVID A. KATZ
                                                        UNITED STATES DISTRICT JUDGE