IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA ILENE ROACHE | ) | CASE NO. 3:10CV0538 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. KATZ |
| v. | ) ) | |
| HURON VALLEY FINANCIAL, *e*t al. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Jessica Ilene Roach brought an action against Defendants Huron Valley Financial, Mortgage Electronics Registration Systems, Citi Mortgage Company, Inc. and Lerner, Sampson and Rothfuss "LS&R"). under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 *et seq.*, the Securities Exchange Act,[1] and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as state claims for "fraud in the inducement, conspiracy, falsifying documents, breach of contract, fraudulent conversion, non-disclosure, misrepresentation, irregularity and defect in the foreclosure process." Complaint, pg. 7. She also requested "return of her promissory note and an extension to her redemption period, quiet title to her property and money damages." *Id*. On May 5, 2010, the Court dismissed all of the claims and parties except the claim under the FDCPA against LS&R. This matter is now before the Court upon Plaintiff's Motion to Stay Eviction Proceedings Pending Adjudication. (ECF 3).

Plaintiff's FDCPA claim arises out of the ownership of property located in Hardin County,

---

[1] The specific Act is not set forth.

Ohio that appears to have been foreclosed causing her pending eviction. LS&R is the law firm that represented the lender in foreclosure proceedings. She contends that LS&R failed to validate the debt and suspend foreclosure proceedings in violation of 15 U.S.C. § 1692g(a)(3). A stay of eviction is allegedly necessary to preserve her federal remedy and to avoid her becoming homeless.

The FDCPA allows recovery of actual damages, statutory damages and costs of the action including reasonable attorney fees. 15 U.S.C. § 1692k(a). Actual damages consist of compensation for out-of-pocket expenses incurred and any humiliation, embarrassment, anguish, or emotional distress. *Davis v. Creditors Interchange Receivable Management LLC*, 585 F. Supp.2d 968, 971 (N.D. Ohio, 2008). The damages Plaintiff requests arise out of the state foreclosure action, sale of the property and her resulting future relocation.

LS&R were the lawyers that prosecuted the foreclosure action. Plaintiff's proposed damages are caused by the state foreclosure, the sheriff's sale of the property and her eventual eviction. LS&R did not act directly to cause this damage. Foreclosure was executed by the acts of the state or local officials at the direction of the State court. A trial that included a possibility of return of the foreclosed property would raise the same facts adjudicated by the State court. *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 2005 WL 1379107 * 4 (S.D. Ohio, Jun 9, 2005).

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services, Inc.*, 142 F.3d 326, 330 (6th Cir. 1998. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing

2

his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The doctrine applies not only to claims actually raised before the state court but also claims that are inextricably intertwined with state court determinations. *See Feldman,* 460 U.S. at 482 n. 16. A federal claim is inextricably intertwined with a state court judgment if granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect. *See Pieper v. Am. Arbitration Ass'n, Inc.,* 336 F.3d 458, 460 (6th Cir.2003). Also, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case rather than a general constitutional challenge to the governing state law. *Tropf v. Fidelity Nat. Title Ins*., 289 F.3d 929, 937 (6th Cir. 2002).

Plaintiff's Motion to Stay Eviction challenges the state foreclosure decision. If the Court granted this Motion, its decision would implicate the State Court ruling, in effect reversing it. Further, this Court has no jurisdiction to return her property. She could have challenged the validity of the debt in state court. Therefore, the Rooker-Feldman doctrine applies precluding this Court from granting the Motion to Stay. *See Kafele,* 2005 WL 1379107 at * 7 (FDCPA is not a defense to a foreclosure action).

Accordingly, Plaintiff's Motion to Stay Eviction Proceedings Pending Adjudication is denied. (ECF 3).

IT IS SO ORDERED.


Date: May 11, 2010              **/s/ David A. Katz**
                                              JUDGE DAVID A. KATZ
                                              UNITED STATES DISTRICT JUDGE